IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER NISI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-cv-117 |
| | § | |
| INSTITUTE OF FLIGHT OPERATIONS | § | JURY TRIAL DEMANDED |
| AND DISPATCH, LLC, AND | § | |
| ARIENTHIRAN PRAKASH, | § | |
| | § | |
| Defendants. | § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, CHRISTOPHER NISI ("Plaintiff"), files this Original Complaint against the INSTITUTE OF FLIGHT OPERATIONS AND DISPATCH, LLC ("IFOD") and ARIENTHIRAN PRAKASH ("Mr. Prakash") (collectively "Defendants"), showing in support as follows:

### I.     **NATURE OF THE CASE**

1.    This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendants' failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven day workweek for the time period he was employed by Defendants within the maximum limitations period allowed by the FLSA.

2.    Plaintiff also brings a claim against Defendants for violation of the FLSA's anti-retaliation provision.

3. IFOD's primary business operations include instructions to individuals on aviation-related practices, namely aircraft flight crew assignments and dispatching. Plaintiff was employed by IFOD to assist with instruction on IFOD's aircraft dispatcher certification program.

4. Plaintiff was not paid a salary basis by Defendants as that phrase is interpreted under the FLSA.

5. Plaintiff regularly worked more than 40 hours per seven day workweek for Defendants, but was not paid time and one-half his regular rate of pay for any hour worked over 40 in any workweek during his employment with Defendants.

6. Plaintiff's managers were Mr. Prakash and Ms. Ana Prakash ("Ms. Prakash"). Mr. Prakash is an owner of IFOD and is the managing member and registered agent for IFOD.

7. On or about November 11, 2016, Plaintiff e-mailed Mr. Prakash and Ms. Prakash a statement that he thought he should be paid overtime pay. Plaintiff requested a meeting with Mr. Prakash and Ms. Prakash on that matter. A few days after the e-mail, Plaintiff visited briefly in person with Mr. Prakash and presented a summary of overtime laws, and exemptions from those laws, from the United States Department of Labor, Wage and Hour Division ("USDOL") website in support of his position that he should be paid overtime wages. Mr. Prakash responded by stating that he considered Plaintiff's presentation of the USDOL overtime law information as his resignation of employment with IFOD. Plaintiff told Mr. Prakash he was not resigning. Mr. Prakash then said he did not have time to adequately review the USDOL information, and another meeting was tentatively planned to discuss the overtime pay issue.

8. Ultimately, another meeting on the overtime pay issue occurred on or about November 17, 2016 which involved Plaintiff, Mr. Prakash, and Ms. Prakash. Plaintiff again stated that he thought he should be paid overtime wages for his overtime hours, but Mr. Prakash

said he was not eligible for overtime pay because he was supposedly a "manager." Mr. Prakash also claimed in that meeting that Plaintiff was resigning to which Plaintiff responded he was not resigning. Plaintiff stated again that he did not believe he was exempt from the overtime law which resulted in Mr. Prakash telling Plaintiff that he left him no choice, and that his employment with IFOD was terminated. Immediately thereafter, Mr. Prakash took Plaintiff's keys to the jobsite and escorted him out of the IFOD building.

9. Plaintiff's employment with IFOD was terminated on or about November 17, 2016 in retaliation for his complaints about not being paid overtime wages pursuant to the FLSA.

10. Plaintiff seeks all damages available under the FLSA for unpaid overtime wages, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

11. Plaintiff also seeks all damages available for Defendants' violations of the FLSA's anti-retaliation provision, including back pay, front pay, compensatory damages (including mental anguish and/or emotional distress damages), liquidated damages, legal fees, costs, and post-judgment interest.

## II.     THE PARTIES, JURISDICTION, AND VENUE

### A.     Plaintiff Christopher Nisi

12. Plaintiff is a natural person. He has standing to file this lawsuit.

13. Plaintiff is a former employee of Defendants with his starting date of employment being on or about February 2015 and his last date of employment being on or about November 17, 2016.

### B.     Defendant Institute of Flight Operations and Dispatch, LLC

14. IFOD is a domestic limited liability company.

15. During all times relevant, IFOD has done business in the State of Texas.

16. At all times relevant, IFOD is and has been an "enterprise engaged in commerce" as defined by the FLSA.

17. At all times relevant, IFOD employed, and continues to employ, two or more employees.

18. At all times relevant, IFOD employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person.

19. For example, IFOD employed two or more employees who regularly handled, sold, or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include computers, computer software, training materials, communications equipment, office furniture, office supplies, and other supplies/materials used in connection with IFOD's business operations.

20. On information and belief, at all times relevant to this lawsuit, IFOD has had annual gross volume of sales made or business done in excess of $500,000.

21. IFOD's principal place of business, as listed with the Texas Secretary of State, is 2300 Valley View Lane, Suite 250, Irving, Texas 75062.

22. IFOD may be served with summons through its registered agent, Mr. Arienthiran Prakash, 4501 Highway 360 South, Suite F214, MD 929, Fort Worth, Texas 76155.

**C.** **<u>Arienthiran Prakash</u>**

23. Mr. Prakash is a natural person and resident of the State of Texas.

24. At all times relevant, Mr. Prakash is and has been an owner, officer, registered agent, and manager for IFOD.

25. At all times relevant, Mr. Prakash has exercised operational control over the business operations of IFOD.

26. Mr. Prakash, along with Ms. Prakash, was Plaintiff's manager.

27. Mr. Prakash had the power to hire and fire employees of IFOD, and performed those duties.

28. Mr. Prakash supervised and controlled the work schedules of employees of IFOD.

29. Mr. Prakash supervised and controlled the conditions of employment for employees of IFOD.

30. Mr. Prakash determined the rates and/or methods of payment for employees of IFOD.

31. Mr. Prakash maintained employment records of IFOD's employees.

32. Mr. Prakash may be served with summons in this lawsuit at 4501 Highway 360 South, Suite F214, MD 929, Fort Worth, Texas 76155.

**D.** **Jurisdiction and Venue**

33. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

34. During all times relevant to this lawsuit, Defendants have done business in the State of Texas and continue to do business in the State of Texas.

35. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

36. Venue is proper in the United States District Court for the Northern District of Texas because a substantial part of the events giving rise to the claims in this lawsuit occurred in

this judicial district. As previously identified, Plaintiff worked for Defendants in this District and Defendants conduct substantial business operations in this District that involved Plaintiff and the issues made the subject matter of this lawsuit. IFOD's principal place of business is located in this District.

37. Venue is proper in the Dallas Division of the United States District Court for the Northern District of Texas because, as previously identified, Plaintiff primarily worked for Defendants in Dallas County, Texas and Defendants conducted substantial business operations in and around Dallas County, Texas which involved Plaintiff and the issues made the subject matter of this lawsuit. Furthermore, IFOD's principal place of business is in Dallas County, Texas.

### III.     FACTUAL BACKGROUND

38. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

39. Plaintiff's dates of employment with Defendants are approximately February 2015 to November 17, 2016.

40. IFOD's primary business operations include instructions to individuals on aviation-related practices, namely aircraft flight crew assignments and dispatching. Plaintiff was employed by IFOD to assist with instruction on IFOD's aircraft dispatcher certification program.

41. Plaintiff was not paid a salary basis by Defendants as that phrase is interpreted under the FLSA.

42. Plaintiff regularly worked more than 40 hours per seven day workweek for Defendants, but was not paid time and one-half his regular rate of pay for any hour worked over 40 in any workweek during his employment with Defendants.

43. IFOD did not maintain a record of the actual hours worked on a daily basis by Plaintiff for IFOD.

44. IFOD did not maintain a record of the actual hours worked per seven day workweek by Plaintiff for IFOD.

45. Mr. Prakash did not maintain a record of the actual hours worked on a daily basis by Plaintiff for Mr. Prakash.

46. Mr. Prakash did not maintain a record of the actual hours worked per seven day workweek by Plaintiff for Mr. Prakash.

47. Plaintiff's managers were Mr. Prakash and Ms. Prakash. Mr. Prakash is an owner of IFOD and is the managing member and registered agent for IFOD.

48. On or about November 11, 2016, Plaintiff e-mailed Mr. Prakash and Ms. Prakash a statement that he thought he should be paid overtime pay for his overtime hours worked. Ultimately, Plaintiff requested a meeting with Mr. Prakash and Ms. Prakash on that matter.

49. On approximately November 14, 2016, Plaintiff visited briefly in person with Mr. Prakash and presented a summary of the FLSA's overtime provisions, and exemptions from those provisions, from the USDOL website in support of his position that he should be paid overtime wages. In response to Plaintiff's complaint about his belief that he was not being paid in accordance in the FLSA's overtime provisions, Mr. Prakash stated that he considered presentation of those USDOL overtime wage materials as Plaintiff's resignation of employment. Plaintiff responding by stating he was not resigning. Mr. Prakash then said he did not have time to adequately review the USDOL information, and another meeting was scheduled to discuss the overtime pay issue.

50. Ultimately, another meeting on the overtime pay issue occurred on or about November 17, 2016 which involved Plaintiff, Mr. Prakash, and Ms. Prakash. Plaintiff again stated that he thought he should be paid overtime wages for his overtime hours under the FLSA, but Mr. Prakash responded by stating that Plaintiff was not eligible for overtime pay because he was supposedly a "manager." Mr. Prakash also claimed in that meeting that Plaintiff was resigning because of his overtime complaints to which Plaintiff responded, again, that he was not resigning.

51. During that meeting, Plaintiff again stated that he did not believe he was exempt from the federal overtime laws and should be paid overtime pay which resulted in Mr. Prakash telling Plaintiff that he left him no choice, and that his employment with IFOD was terminated. Immediately thereafter, Mr. Prakash took Plaintiff's keys to the IFOD jobsite and escorted him out of the IFOD building.

52. But for Plaintiff's complaints about Defendants not paying him overtime wages, his employment with IFOD would not have been terminated. In fact, immediately after terminating Plaintiff's employment, Mr. Prakash said it was a shame he was terminated because Plaintiff would have been getting a pay raise in December [2016].

### IV. CONTROLLING LEGAL RULES

53. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

54. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

55. The FLSA provides that individual officers and managers of a corporate employer can have joint and several liability, along with the corporate entity, for an employee's FLSA

damages. *See, e.g., Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012); *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 251 (5th Cir. 2012); *Hernandez v. Larry Miller Roofing, Inc.*, 628 F. App'x 281, 284 (5th Cir. 2016), *as revised* (Jan. 6, 2016).

56. "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

57. Federal law requires employers to make and keep accurate and detailed payroll data for certain employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a). Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, total hours worked each workday, total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2(a). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

58. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

59. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

60. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

61. "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

62. "The Court…shall, in addition to any judgment awarded to the [prevailing] plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

63. The FLSA provides for a two year statute of limitations for violations of the statute. 29 U.S.C. § 255(a). However, that time period may be extended to three years if Defendant's conduct was in willful violation of the law. *Id. See also*, *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990).

64. The FLSA makes it "unlawful for any person … to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted and proceeding under or related to [the FLSA]." 29 U.S.C. § 215(a)(3).

65. "Any employer who violates [29 U.S.C. § 215(a)(3)] shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of [29 U.S.C. § 215(a)(3)], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). "[T]he FLSA's broad authorization of 'legal and equitable relief' encompasses compensation for emotional

injuries suffered by an employee on account of employer retaliation." *Pineda v. JTCH Apartments, L.L.C.*, No. 15-10932, 2016 WL 7367799, at *3 (5th Cir. Dec. 19, 2016).

## V. FLSA CLAIMS

66. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

67. All conditions precedent to this suit, if any, have been fulfilled.

68. At all relevant times, IFOD was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

69. At all relevant times, Mr. Prakash was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

70. At all relevant times, IFOD is/has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

71. At all relevant times, Plaintiff was an employee of IFOD pursuant to the FLSA. 29 U.S.C. § 203(e).

72. At times relevant, Plaintiff regularly worked in excess of 40 hours per seven-day workweek as an employee of IFOD.

73. IFOD was required to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 in each relevant seven day workweek. 29 U.S.C. § 207(a)(1).

74. IFOD did not pay Plaintiff one and one-half times his regular rate of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to Plaintiff's claims in this lawsuit.

75. At all relevant times, Plaintiff was an employee of Mr. Prakash pursuant to the FLSA. 29 U.S.C. § 203(e).

76. At times relevant, Plaintiff regularly worked in excess of 40 hours per seven-day workweek as an employee of Mr. Prakash.

77. Mr. Prakash was required to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 in each relevant seven day workweek. 29 U.S.C. § 207(a)(1).

78. Mr. Prakash did not pay Plaintiff one and one-half times his regular rate of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to Plaintiff's claims in this lawsuit.

79. IFOD and Mr. Prakash are jointly and severally liable for Plaintiff's claims and damages sought in this lawsuit.

80. Defendants' violations of the FLSA were willful within the meaning of 29 U.S.C. § 255(a). For example, at all material times, Defendants were aware that Plaintiff was not paid time and one-half his regular rate of pay for all hours worked over 40 in each and every seven day workweek. Furthermore, Defendants intentionally terminated Plaintiff's employment because of his complaint about not receiving overtime pay for overtime hours he worked for Defendants.

81. Plaintiff seeks all damages available for IFOD's and/or Mr. Prakash's failure to timely pay all overtime wages owed.

82. Defendants' conduct, which ultimately resulted in termination of Plaintiff's employment on or about November 17, 2016, was in violation of the FLSA's anti-retaliation provision which resulted in damages to Plaintiff. Those damages include damages for past and future lost wages, mental anguish, and/or emotional distress. Plaintiff seeks all damages available for Defendants' violation(s) of the FLSA's anti-retaliation provision.

## VI. JURY DEMAND

83. Plaintiff demands a jury trial.

## VII. DAMAGES AND PRAYER

84. Plaintiff asks that summons be issued against Defendants and that he be awarded a judgment against Defendants and/or order(s) from the Court for the following:

   a) FLSA unpaid overtime wages (overtime wage claims);

   b) Liquidated damages in an amount equal to FLSA unpaid overtime wages (overtime wage claims);

   c) Back pay (retaliation claims);

   d) Front pay (retaliation claims);

   e) Compensatory damages, including mental anguish and/or emotional distress damages (retaliation claims);

   f) Liquidated damages in an amount equal to back pay, front pay, and/or mental anguish and/or emotional distress damages (retaliation claims);

   g) Legal fees (overtime wage claims and/or retaliation claims);

   h) Costs (overtime wage claims and/or retaliation claims);

   i) Post-judgment interest (overtime wage claims and/or retaliation claims); and

   j) All other relief to which Plaintiff is entitled as shown by the facts in this lawsuit.

Dated: January 11, 2017.                Respectfully submitted,

                                        By: s/Allen R. Vaught
                                            Allen R. Vaught
                                            TX Bar No. 24004966
                                            avaught@baronbudd.com
                                            Baron & Budd, P.C.
                                            3102 Oak Lawn Avenue, Suite 1100
                                            Dallas, Texas 75219
                                            (214) 521-3605 – Telephone
                                            (214) 520-1181 – Facsimile

                                        ATTORNEYS FOR PLAINTIFF